**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:12-CR-317-LY-1** |
| | § | |
| **WILLIAM ALFRED MILLS, III,** | § | |
| **Defendant (1)** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
 UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The Magistrate Court submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## PROCEDURAL BACKGROUND

Defendant pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On December 14, 2012, Defendant was sentenced to 96 months' imprisonment, followed by three years of supervised release. Defendant's supervision began on July 19, 2019.

On September 9, 2020, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"). Dkt. 46. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release should not be revoked. A warrant was issued for Defendant's arrest. Defendant was arrested the same day and ordered temporarily detained at his initial appearance.

1

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Violation of Condition No. 2:** "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."

> **Violation of Condition No. 16:** "The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay."

> **Violation of Special Condition:** "The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay."

The Petition alleges that Defendant failed to make himself available for a virtual contact with his probation officer throughout the month of August; failed to attend a psychological evaluation on July 29, 2020, and was unsatisfactorily discharged from the mental health medication management program due to noncompliance on August 28, 2020; missed many individual counseling sessions; and failed to submit to random drug testing, as required with his counseling to address substance abuse and mental health issues.

On September 23, 2020, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a preliminary and final revocation hearing at which Defendant, his

attorney, and an attorney for the United States Government appeared. In the interests of justice, the hearing was conducted by video teleconference due to the exigent circumstances created by the COVID-19 pandemic. Both parties consented to proceed by video teleconference, and Defendant, his attorney, the attorney for the Government, and Defendant's Probation Officer were present throughout the hearing. The Magistrate Judge finds that the video teleconference was sufficient to assess the voluntariness of the proceeding, Defendant's credibility, and his understanding. Defendant consented to proceed before a United States Magistrate Judge and pled "Not True" to the alleged violations.

## FINDINGS OF THE COURT

1.   Defendant voluntarily gave consent to proceed before a United States Magistrate Judge.

2.   Defendant had both a factual and rational understanding of the proceedings against him.

3.   Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him.

4.   Defendant was sane and mentally competent at the time of these proceedings.

5.   Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

6.   The Court finds that Defendant violated Conditions No. 2 and 16 and the Special Condition of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

a.  the nature and circumstances of the offense, § 3553 (a)(1);

b.  the history and characteristics of Defendant, (a)(1);

c.  the need to afford adequate deterrence to criminal conduct, (a)(2)(B);

d.  the need to protect the public, (a)(2)(C);

e.  the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

f.  the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

g.  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and

h.  the need to provide restitution to any victims of the offense, (a)(7).

## **RECOMMENDATIONS**

Subject to the evidentiary rulings made at the hearing, the Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.

The Magistrate Court finds the following factors particularly compelling in this case: the need to afford adequate deterrence to criminal conduct, the need to protect the public, Defendant's history and characteristics, and the need to provide him with medical care. Defendant is struggling with mental health issues that have stabilized with medication during his imprisonment. An additional term of supervision offers the opportunity for Defendant to continue receiving medical care, and to protect the public by deterring further criminal conduct.

For these reasons, the Magistrate Court recommends that Defendant's term of supervised release be **REVOKED**. The Magistrate Court further recommends that the District Court sentence Defendant to **one month imprisonment,** with credit for time served, and **impose a term of supervised release of one year,** subject to all existing conditions of release.

4

## WARNINGS

After the undersigned stated on the record her recommendation in this case, the parties verbally waived the fourteen-day period in which they may file objections to this Report and Recommendation. Dkt. 94. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Servs.' Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for action by the District Court.

**SIGNED** on September 23, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5